IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LICKERISH, LTD. and DIMITRY LOISEAU, | § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Civil Action No. 4:21-cv-00174-O |
| GLM OMNIMEDIA GROUP, LLC d/b/a WHYTE HOUSE REPORT and DANIEL WHITE III, | | |
| Defendant. | | |

## ORDER

Before the Court is Plaintiffs' Motion for Reconsideration (ECF No. 16), filed June 28, 2021. Plaintiffs ask this Court to reconsider its denial of Plaintiffs' Motion for Default Judgment (ECF No. 13), filed May 4, 2021. *See* ECF No. 15. Having considered the Motions, relevant law, and applicable facts, the Court **GRANTS** both the Motion for Reconsideration and the Motion for Default Judgment.

### I. BACKGROUND

Plaintiff Dimitry Loiseau is a celebrity photographer who created a photograph of Meghan Markle in 2012. Pls.' Mot. Default J. 2–3, ECF No. 13. Loiseau's images are assigned to Plaintiff Lickerish. Together, Loiseau and Lickerish sued Defendants GLM Omnimedia and Daniel White for violating Plaintiffs' exclusive rights under the Copyright Act, 17 U.S.C. § 106. According to Plaintiffs, Defendants unlawfully copied and distributed Plaintiffs' original copyrighted Work.

Plaintiffs discovered GLM's use of Loiseau's Work—the Markle photograph—two years after GLM had published an article containing it. Pl.'s Compl. 5, ECF No. 1. Plaintiffs subsequently sued Defendants for copying and distributing Loiseau's copyrighted Work without

1

his authorization in violation of 17 U.S.C. § 501. Pl.'s Compl. 6, ECF No. 1. In February 2021, Plaintiffs served GLM's registered agent, the "Company Corporation," with its summons and a copy of the complaint by delivering the papers to the front desk receptionist. Pl.'s Mot. Default J. 5, ECF No. 13; Returned Summons, ECF No. 7. Defendants have failed to appear or otherwise answer. The Clerk and Court entered a default against GLM on April 16, 2021. Pl.'s Mot. Default J. 5, ECF No. 13. Plaintiffs voluntarily dismissed Defendant White. ECF No. 14.

On May 27, 2021, the Court denied Plaintiff's Motion for Default Judgment, because Plaintiffs improperly served GLM by leaving a copy with the Company Corporation's receptionist rather than serving, for example, an officer or director. Order on Mot. 5, ECF No. 15. Plaintiffs filed a Motion for Reconsideration of the Denial on June 28, 2021. *See* ECF No. 16.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 55(b)(2)

Rule 55(b)(2) of the Federal Rules of Civil Procedure allows courts to enter a default judgment against defendants who fail to answer, plead, or otherwise respond to a properly served complaint. The Fifth Circuit requires a three-step process for entry of a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a *default* occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.* (citing Fed. R. Civ. P. 55(a)). Next, an *entry of default* may be entered "when the default is established by affidavit or otherwise." *Id.* (citing Fed. R. Civ. P. 55(a)). Last, a plaintiff may then apply to the clerk or the Court for a *default judgment* after an entry of default is made. *Id.* (citing Fed. R. Civ. P. 55(b)).

The Court has the discretion to grant or deny a default judgment, even though they are seen as "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme

situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In determining whether a default judgment should be granted, the Court's analysis is twofold. First, to determine whether entry of default judgment is procedurally appropriate, the Court considers the following six non-exhaustive factors: (1) whether there are material issues of fact; (2) whether the default was caused by a good faith mistake or excusable neglect; (3) whether there has been substantial prejudice; (4) the harshness of a default judgment; (5) whether the grounds for a default judgment are clearly established; and (6) whether the Court would be obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Second, the Court must assess the merits of Plaintiff's claims and the sufficiency of the complaint. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.").

### B. Federal Rule of Civil Procedure 54(b)

When the Court is asked to reconsider an order other than a final judgment, that reconsideration is usually governed by Federal Rule of Civil Procedure 54(b), as opposed to Rule 59 or Rule 60. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Because the district court was not asked to reconsider a judgment, the district court's denial of [the] motion to reconsider its order denying leave to file a surreply should have been considered under Rule 54(b)."). "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action.'" *Id.* (quoting Fed. R. Civ. P. 54(b)). The Rule allows a district court "to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an

intervening change in or clarification of the substantive law." *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc)). This flexibility is premised on "the interlocutory presentation of new arguments as the case evolves." *Id.* (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

While "the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dallas County v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 950 (N.D. Tex. 2014) (citation omitted), *aff'd sub nom. Harris County v. MERSCORP, Inc.*, 791 F.3d 545 (5th Cir. 2015). And "[e]ven though the standard for evaluating a motion to reconsider under Rule 54(b) would appear to be less exacting than that imposed by Rules 59 and 60, considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Id.* (cleaned up). Thus, while the Court is not limited under Rule 54(b) to reversing a ruling only in the case of a manifest error of law or newly discovered evidence, those guideposts are informative to the Court's reconsideration of a pre-final-judgment order.

## III. ANALYSIS

Having considered Plaintiffs' Motion for Reconsideration and the original Motion for Default Judgment, the Court concludes that reconsideration of its May 27, 2021 Order is warranted, and the Motion for Default Judgment should be **GRANTED**.

### A. Service of Process

Plaintiffs argue that reconsideration is necessary because "[t]he Court reasoned that the service was improper based on the first sentence of the section of the statute. However, the rest of §321(a) makes it clear that the statute allows for service by copy at the registered office of the corporation, in the presence of an adult person." Mot. 3, ECF No. 16. The Court agrees and finds

4

service proper. Defendants have yet to respond to the proceedings. Thus, in light of the Plaintiff's Motion for Reconsideration and the Butler Declaration, the Court finds that default judgment is appropriate because GLM is in default after being properly served with process. *See Rogers v. Hartford Life & Accident Ins.*, 167 F.3d 933, 940 (5th Cir. 1999) (holding that proper service of process is a prerequisite to the entry of default judgment).

GLM is a limited liability company governed by Federal Rule of Civil Procedure 4(h), which requires process be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h).

Here, Plaintiffs provide evidence of service in accordance with Rule 4(e)(1), which allows a corporation to be served in a manner following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). GLM was served in Delaware. Returned Summons, ECF No. 7. Accordingly, Delaware law governing service of process on a corporation applies. The Delaware Code provides that, when serving process on a corporation and:

> If the registered agent be a corporation, service of process upon it as such agent may be made by serving, in this State, a copy thereof on the president, vice-president, secretary, assistant secretary or any director of the corporate registered agent. **Service by copy left at** the dwelling house or usual place of abode of any officer, director or registered agent, or at **the registered office** or other place of business of the corporation in this State, to be effective must be delivered thereat at least 6 days before the return date of the process, and **in the presence of an adult person**, and the officer serving the process shall distinctly state the manner of service in such person's return thereto.

8 Del. C. § 321(a) (emphasis added).

5

Under Delaware law, service by copy is achieved when copies of the summons and complaint are left at the registered office of the registered agent in the presence of any adult person. 8 Del. C. § 321(a). Here, Plaintiffs' process server delivered the summons and complaint to the Company Corporation, a registered agent of GLM, at their registered office in Wilmington, Delaware. Returned Summons, ECF No. 7. Plaintiffs' process server left a copy of the relevant papers at the Company Corporation's designated delivery point for service of process, in the presence of an adult person—the receptionist—in compliance with § 321(a). *See* Butler Decl. 2, ECF No. 16-1. Therefore, Plaintiffs properly served GLM.

Furthermore, the record indicates that the front desk receptionist was authorized by the Company Corporation to receive service. Butler Decl. 2, ECF No. 16-1. Under Delaware law, adequate service of process may be accomplished by leaving copies of the summons and complaint with an agent authorized to receive service of process. *See Alston v. Hudson, Jones, Jaywork, Williams & Liguori*, 748 A.2d 406 (Del. 2000) (finding service ineffective because receptionists were not agents authorized to receive service of process on behalf of a law firm). Unlike in *Alston*, the receptionist in this case was explicitly authorized to receive service. *See id.* at 406; Butler Decl. 2, ECF No. 16-1. Plaintiffs' process server has served the Company Corporation many times, followed their service of process procedure in this case, and affirms the receptionist's authorization to receive service on behalf of the Company Corporation. Butler Decl., ECF No. 16-1. Because the receptionist was an agent authorized to receive service of process, Plaintiffs properly served GLM.

### B. Procedural Appropriateness of Default Judgment

The Court now turns to the merits of Plaintiffs' Motion for Default Judgment (ECF No. 13). Default judgment is the appropriate next step because the Clerk made an Entry of Default

against GLM on April 16, 2021. ECF No. 11. Moreover, the Court finds that the six *Lindsey* factors weigh in favor of granting default judgment as to Plaintiffs. First, Defendant failed to appear or file any responsive pleadings in this action. As such, there are no material facts in dispute. *See Nishimatsu*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); *Tex. Guaranteed Student Loan Corp. v. Express Moving, LLC*, No. 3:09-cv-824-O, 2010 WL 727756, at *1 (N.D. Tex. Feb. 26, 2010) (O'Connor, J.). Second, there is no evidence to suggest that Defendant's failure to defend this action arises from "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Third, Defendant's failure to appear causes substantial prejudice to Plaintiffs because it prevents Plaintiffs from receiving expeditious relief. *See Wooten v. McDonald Transit Assocs., Inc.*, 775 F.3d 689, 700–01 (5th Cir. 2015) (suggesting it would be unfair to make the plaintiffs wait for relief because of a defendant's failure to heed the court); *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (noting courts must balance "social goals, justice and expediency" with the preference for deciding cases on their merits rather than default judgment) (citation omitted); *United States v. Fincanon*, No. 7:08-cv-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (O'Connor, J.) (holding that the defendant's failure to respond brought the adversary process to a halt and prejudiced the plaintiff's interests). Fourth, Defendant's failure to respond, despite receiving proper service, mitigates the harshness of a default judgment. *See id.* (citing *Lindsey*, 161 F.3d at 893). Fifth, Defendant has had ample time to respond to the Complaint. *See Fincanon*, 2009 WL 301988, at *2 (suggesting the defendant had sufficient time to answer the complaint when plaintiff requested an entry of default thirty-five days after serving the defendant). Finally, the Court is not aware of any "good cause" to set aside the default if challenged by Defendant. *See Lindsey*, 161 F.3d at 893 (citing Fed. R. Civ. P. 55(c)).

### C. Basis for Default Judgment

The Court accepts as true the well-pleaded allegations in Plaintiffs' Complaint. *See Nishimatsu*, 515 F.2d at 1206. The Court must now review the pleadings to determine whether Plaintiffs have established a viable claim for relief against Defendant.

Plaintiffs allege Defendant infringed on their copyright in violation of 17 U.S.C. § 501. Compl. 6, ECF No. 1. The Copyright Act serves to protect the rights of owners against unlawful copying or use. *See* 17 U.S.C. § 501. Liability for copyright infringement occurs when a plaintiff can prove (1) plaintiff's ownership of a copyright, and (2) defendant's copying of the Work. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991). Here, Plaintiffs have successfully proven the first element. Loiseau registered his Work under 17 U.S.C. § 411(a) and received a Certificate of Registration, Registration Number VA 2-023-447, on November 3, 2016. Mot. Default J. 7, ECF No. 13; *see* Certificate of Registration 2, ECF No. 1-1. Lickerish holds all rights and permissions in the copyrighted Work. Mot. Default J. 3, ECF No. 13.

Plaintiffs have also satisfied the second element by establishing that Defendant copied the Work. The copying element of an infringement claim has two components. *See Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007); 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.01[B] (2010). First, a plaintiff must demonstrate that the defendant copied the plaintiff's work as a factual matter. *Id.* Plaintiff need not provide direct evidence; circumstantial evidence is sufficient:

> To make out a circumstantial claim, a plaintiff must prove that (1) the defendant had access to the copyrighted work before creation of the infringing work and (2) the works contain similarities that are probative of copying. In other words, for the circumstantial case of factual copying, the combined existence of access to the copyrighted work and similarities between the two works establishes the assumption as a matter of law that copying in fact occurred.

*Armour*, 512 F.3d at 152. Plaintiffs' Work is not confidential or proprietary; the photograph was made to be viewed. Compl. 4–5, ECF No. 1. In fact, the Work was licensed to the New York Post in 2016, presumably for the public to consume as part of a news story online. Loiseau Decl. 4, ECF No. 13-1. Thus, the Work was publicly accessible to anyone with an internet connection, including Defendant. Plaintiffs never gave Defendant permission to copy, distribute, or display the Work. Compl. 6, ECF No. 1. Nonetheless, the image appeared on Defendant's website in its entirety. Ex. 2, ECF No. 1-2.

Under the second component of the "copying" requirement, the plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Armour*, 512 F.3d at 152. Plaintiffs easily satisfy the "substantial similarity" requirement. Defendant published an *exact* copy of the whole photograph without alteration. The photograph featured in Defendant's article is identical to the original Work.

Thus, Plaintiffs have carried their burden to show that they have established a copyright infringement claim against Defendant. Plaintiffs establish ownership via the copyright registration certificate and provide circumstantial evidence of copying as a factual matter and substantial similarity. Thus, default judgment is appropriate.

### IV. CONCLUSION

Because Plaintiffs properly served Defendant and carried their burden to establish each element of their cause of action, the Court **GRANTS** both the Motion for Reconsideration (ECF No. 16) and the Motion for Default Judgment (ECF No. 13).

It is hereby **ORDERED** that Plaintiffs may recover damages from Defendant GLM in the following amounts:

1. For actual damages for copyright infringement: **$21,000.00**

2. For reasonable attorney's fees: **$4,387.50**

3. For costs: **$613.29**

Total recovery for Lickerish, Ltd. and Dimitry Loiseau: $**26,000.79** PLUS post-judgment interest from the date of entry of this judgment until the judgment is satisfied at the applicable federal rate under 28 U.S.C. § 1961. The Court declines to award a willfulness multiplier.

This is a **FINAL JUDGMENT**. The Court orders execution to issue for this judgment and denies all relief not granted in this judgment.

**SO ORDERED** on this **16th day** of **February, 2022.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**